ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 MAY 27 PM 3: 10
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLIVE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-057 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 16). The Magistrate Judge recommended that the instant petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, be denied. In particular, the Magistrate Judge reasoned the Petitioner's claim that he was deprived of due process when he was found guilty of participating in a food boycott that took place on January 28-29, 2009, and stripped of 27 days of Good Conduct Time, was without merit. (Doc. no. 14, pp. 5-8.) The Magistrate Judge also found that Petitioner's disciplinary conviction was supported by the required level of "some evidence." (Id. at 7-8.)

In his objections, Petitioner argues that it has always been his contention that he ate the evening meal on January 28, 2009, as well as the morning and lunch meals on January 29, 2009, that were the target of a food boycott. (Doc. no. 16, p. 2.) However, Petitioner's explanation in the prior filings he submitted to this Court have conveyed a drastically

different story. Petitioner has thus far indicated to this Court that he did indeed miss the above-cited meals, but that he did so due to refereeing a game on January 28, and spending time in the library on January 29. (See doc. no. 1, p. 7; doc. no. 9, p. 1.) However, Petitioner now asserts that he originally claimed that he ate the meals, and only changed his story after he was confronted two months after the food boycott and asked to explain the fact that he had missed the three targeted meals.[1] (Doc. no. 16, p. 3.)

Petitioner goes on to claim that he has now obtained his "Meal Monitoring Records" through a Freedom of Information Act ("FOIA") request, which he alleges proves that he ate the meals in question. (Id. at 3-4.) The record that Petitioner refers to is a one-page, unauthenticated printout attached to Petitioner's objections which appears to list meals from January 14, 2009 through January 30, 2009. (Id. at Ex. A.) Plaintiff provides no further explanation of what the printout indicates beyond his claim that it proves that he ate the meals targeted by the food boycott. In addition, Plaintiff fails to provide anything to indicate that this last-minute piece of "evidence" was indeed obtained via a FOIA request- such as a letter from the government accompanying the information he requested.

Even assuming that the list does in fact indicate that Petitioner scanned his meal card during the target meal times, the analysis and conclusions of the Magistrate Judge are left undisturbed. As indicated in the R&R, it is clear that Petitioner was supplied with the due process required, and this "new piece of evidence" does nothing to alter that conclusion. (See doc. no. 14, pp. 5-6 (enumerating the four due process requirements as presented in

---

[1] Petitioner states that he was repeatedly told that he missed the meals on January 25, 2009; however, the meals targeted by the food boycott were on January 28 and 29. (See doc. no. 16, 3.)

2

Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).)

Additionally, Petitioner's Meal Scan Data does not affect the finding of the Magistrate Judge that "some evidence" supported the decision of the disciplinary hearing officer ("DHO") that Petitioner was guilty of participating in a group demonstration. (See doc. no. 14, pp. 7-8.) In reviewing prison disciplinary disputes such as this one, federal courts cannot retry the disciplinary proceeding; rather they must determine if "any evidence at all" supports the actions taken by prison officials. (Id. at 6-7 (citing Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994).) As an initial matter, the mere fact that Petitioner's meal card may have been scanned during the target meals does not prove that he was physically present during those meals.

Additionally, even discounting the statement of the DHO that the Meal Plan Data indicated that Petitioner had not attended the targeted meals, the DHO cited other sources of evidence that indicated Petitioner's participation in the group demonstration including: 1) a memorandum from the Assistant Chief of Security indicating that only one prisoner- who was not Petitioner- ate the noon meal on January 29; 2) the fact that Petitioner changed his story from stating that he ate all three meals to claiming that he did not eat any of them because he was referee at a game on January 28, and in the library on January 29; and 3) Petitioner's January 29th interview questionnaire which indicated that he refused to attend the noon meal on January 29, even after being made aware of the boycott and being instructed to attend the meal. (Id. at 4-5.) Therefore, Petitioner's objection does not disturb the analysis and conclusions of the Magistrate Judge's R&R and, as such, is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is

3

**ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to § 2241 is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 27th day of May, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE